IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELISSA GEIST, O/B/O § <br> ALESHIA M., a child, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> MICHAEL J. ASTRUE, § <br> Commissioner of the Social § <br> Security Administration, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-09-01249 |

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court in this Social Security appeal is Plaintiff's Motion for Summary Judgment (Document No. 12) and Defendant's cross Motion for Summary Judgment (Document No. 13). After considering the cross motions for summary judgment, the administrative record, the written decision of the Administrative Law Judge ("ALJ"), and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

### I. Introduction

Plaintiff Melissa Geist, on behalf of her daughter Aleshia M., brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Geist is seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration

("Commissioner") denying her daughter's claim for Supplemental Security Income ("SSI") under Title XVI of the Act. Geist argues that the ALJ who considered Aleshia's claim erred in finding Aleshia has not been "disabled," as defined under the Act, since February 17, 2006. (Tr. 28). Specifically, Geist contends that substantial evidence does not support the ALJ's conclusions that Aleshia's hearing impairment and developmental delays did not meet, equal, or functionally equal in severity, a listed impairment in 20 C.F.R. Pt. 404, Subt. P, App. 1. (Tr. 20–28). In response, the Commissioner argues that the ALJ's conclusions are supported by substantial evidence and must be affirmed.

## II. Administrative Proceedings

On February 17, 2006, Geist filed an SSI claim on behalf of her child, Aleshia. (Tr. 17). Aleshia was born on August 19, 2005, and was approximately six months old at the time of her SSI application. (Tr. 111). Geist alleged that Aleshia was disabled due to a chromosomal abnormality, restrictive airway disease, hearing problems, and developmental delays. (Tr. 20–21). Aleshia's claim was initially denied on June 1, 2006, and upon reconsideration on July 7, 2006. (Tr. 17). Thereafter, Geist filed a timely written request for a hearing on August 4, 2006. *Id.* An administrative hearing was held on April 2, 2008, at which Geist and Sterling E. Moore, an impartial medical expert, testified before an ALJ. (Tr. 17, 28). On May 21, 2008, the ALJ issued his decision finding that, since February 17, 2006, Aleshia has not been disabled as defined under Section 1614(a)(3)(C) of the Social Security Act. (Tr. 28).

Geist sought review of the ALJ's findings before the Appeals Council in an application dated June 16, 2008. (Tr. 11). Geist requested the Appeals Council review the ALJ's decision on grounds of "Improper evaluation of evidence." *Id.* On February 20, 2009, the Appeals

Council denied Geist's request for review. (Tr. 1). Thereafter, Geist sought review of her daughter's claim in this Court pursuant to 42 U.S.C. § 405(g) and 1383(c). (Tr. 3).

### III. Standard for Review of Agency Decision

Judicial review of the Commissioner's denial of disability benefits is limited under 42 U.S.C. § 405(g) to determine whether the final decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Substantial evidence" is such evidence that a reasonable mind might accept as adequate to support the Commissioner's decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

This Court must affirm the Commissioner's decision if it is supported by substantial evidence. *Watson v. Barnhart,* 288 F.3d 212, 215 (5th Cir. 2002). The Court must scrutinize the record before it and take into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984). However, the Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The Court may only reverse or remand the Commissioner's decision if no credible evidentiary choices or medical findings support the decision. *Boyd v Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## IV. Availability of Childhood Disability Benefits

Disabled persons under the age of 18 may be eligible for disability insurance benefits and SSI under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. A child under the age of 18 is "disabled" under the Act if she has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations . . . that ha[ve] lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. In determining whether a child is disabled and eligible for SSI benefits under the Social Security Act, a three-step evaluation is employed by the ALJ. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Next, the ALJ must determine whether the claimant suffers from a "severe" impairment. 20 C.F.R. § 416.924(c). A "severe" impairment is one that "causes marked limitations in two areas of functioning or extreme limitations in one such area." 20 C.F.R. § 416.925(b)(2)(ii). If the claimant suffers from a "severe" impairment, the final step in the evaluation process is for the ALJ to determine whether the impairment results in a "marked" limitation in two domains or an "extreme" limitation in one of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

An "extreme" limitation is one that "very seriously" interferes with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). Children under the age of three suffer an extreme limitation if they are functioning at a level that is one-half of their chronological age or less when there are no applicable standardized tests. 20 C.F.R. § 416.926a(e)(3)(ii). When standardized tests are used as the measure of functional abilities, an

extreme limitation creates a valid score that is three standard deviations or more below the norm for the standardized test. 20 C.F.R. § 416.926a(e)(3)(iii).

For children, ages three to eighteen years old, a "marked" limitation is one that seriously interferes with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). Children under the age of three suffer a marked limitation if they are functioning at a level that is more than one-half but not more than two-thirds of the their chronological age when there are no applicable standardized tests. 20 C.F.R. § 416.926a(e)(2)(ii). When standardized tests are used as the measure of functional abilities, a marked limitation creates a valid score that is between two and three standard deviations below the norm for the test. 20 C.F.R. § 416.926a(e)(2)(iii).

## V. Discussion

### A. Issues Presented

The Court must decide whether the ALJ's findings regarding Aleisha's alleged disability were supported by substantial evidence. It is undisputed that Aleisha is under the age of 18 and has not engaged in substantial gainful activity at any relevant time. (Tr. 20). What is disputed is whether Aleshia was "disabled" within the meaning of the Social Security Act, 42 U.S.C. § 1381 et seq., for a period of at least 12 months. 20 C.F.R. § 416.906.

Geist argues that substantial evidence does not support the ALJ's findings that Aleshia's impairments do not medically or functionally equal the requirements of a listed impairment. (Tr. 171). Specifically, Geist contends that there is no substantial evidence to support the following conclusions: (1) that Aleshia's hearing loss did not meet the disability requirements of Listing 102.08 for more than one year; (2) that Aleshia's developmental delays did not result in at least a

5

"marked" limitation in the domains of "acquiring and using information" and "interacting and communicating with others." (Tr. 162).

### B. Analysis

The ALJ concluded that Aleshia suffers from "severe" impairments within the meaning of the regulations set out in 20 C.F.R. § 416.924(c), including restrictive airway disease, hearing problems, and developmental delays. (Tr. 20). However, the ALJ found that none of these impairments qualified Aleshia for SSI or disability benefits under the relevant listings in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 20–28). This Court must decide whether substantial evidence supports the ALJ's conclusions regarding Aleshia's hearing loss and developmental delays. (Tr. 20–28).

#### 1. Hearing Loss

##### a. ALJ's Findings and Relevant Medical Record

The ALJ considered Aleshia's hearing loss impairment under Listing 102.08A. (Tr. 20). A child under the age of five years old, such as Aleshia, would be disabled under Listing 102.08A if she was unable to hear air conduction thresholds at an average of 40 decibels hearing level or greater in her better ear. 20 C.F.R. Pt. 404, Subpt. P, App. 1. In considering Aleshia's claim, the ALJ incorrectly cited Listing 102.08A's 70 decibels standard for children over five years old. (Tr. 20–21). By itself, this ALJ error does not require remand unless Aleshia's disability determination resulted from the mistake. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (no remand required when ALJ used the wrong disability standard but no "substantial rights of a party" were affected because same "not disabled" outcome would have occurred under proper standard).

6

Aleshia underwent Auditory Brainstem Response (ABR) testing on January 12, 2006. (Tr. 191). She was approximately five months old at the time. *Id.* Aleshia's ABR tests indicated that she could not hear sounds in either ear until they were at least 60 decibels loud. *Id.* This means that Aleshia's hearing loss satisfied Listing 102.08A as of January 12, 2006. *Id.*

Aleshia underwent another round of ABR testing on February 21, 2006. (Tr 181). Based on the results of those tests, State Agency medical consultant, S. Gaudichon, an audiologist, found that when Aleshia's responses were adjusted to normal hearing values, the value was "around" 36 decibels for the frequency range stated. (Tr. 266). This finding would mean that Aleshia's hearing loss no longer satisfied Listing 102.08 as of February 21, 2006. (Tr 181).

Further ABR testing confirmed that Aleshia no longer satisfied Listing 102.08A as of August 14, 2007. (Tr. 49–50, 349–350). It seems undisputed that Aleshia never satisfied Listing 102.08A after August 14, 2007. *Id.*

### b. Conclusion

Substantial evidence supports the ALJ's finding that Aleshia's hearing loss impairment did not meet or functionally equal Listing 102.08A's 40 decibel standard "for a continuous period of not less than 12 months." 20 C.F.R. 416.906. Aleshia's hearing loss satisfied Listing 102.08A as of January 12, 2006. (Tr. 191). Her mother argues that Aleshia continued to satisfy Listing 102.08 until at least August 14, 2007. (Tr. 49–50, 349–350). This argument ignores the ABR tests conducted on February 21, 2006. (Tr 181). Based on those test results, State agency medical consultant Gaudichon opined that Aleshia's hearing loss no longer met or functionally equaled Listing 102.08. (Tr. 266, 269). The ALJ could properly rely upon the opinions of State agency medical consultants, such as Gaudichon, to conclude Aleshia no longer satisfied Listing 102.08A. 20 C.F.R. § 416.927(f)(1). Citing Gaudichon's opinion satisfied the Commissioner's

7

burden to prove Aleshia's hearing loss disability has ceased due to a medical improvement. *Griego v. Sullivan*, 940 F.2d 942, 943–944 (5th Cir. 1991) (burden of proof lies with the Commissioner to prove claimant's previously established disability no longer satisfies the relevant listing(s) because claimant's symptoms have decreased in severity).

It is true that the ALJ mistakenly cited the 70 decibels standard of Listing 102.08A in his decision. (Tr. 20–21). However, this mistake is not grounds for a remand because it did not affect Aleshia's disability evaluation. *Mays*, 837 F.2d at 1364. Aleshia's February 2006 and August 2007 ABR tests show that she was "not disabled" under either the 70 or 40 decibel standard since she could hear sounds below 40 decibels. (Tr. 49–50, 266, 349–350). It is also worth noting that the ALJ was told 40 decibels was the proper standard during Aleshia's hearing. (Tr. 49).

There is substantial evidence that Aleshia's hearing loss satisfied Listing 102.08 in January 2006 but no longer satisfied that Listing as of February 2006. There is no evidence Aleshia's hearing loss ever satisfied Listing 102.08 "for a continuous period of not less than 12 months." 20 C.F.R. 416.906. Therefore, the ALJ's decision regarding Aleshia's hearing loss impairment is AFFIRMED.

### 2. Developmental Delays

#### a. ALJ's Findings and Relevant Medical Record

The ALJ found that Aleshia's developmental delays were the result of medically determinable impairments, notably her hearing loss. (Tr. 22–23). However, the ALJ concluded that Aleshia was not "disabled" within the meaning of the Social Security Act because her developmental delays did not satisfy the criteria of Listing 112.12 or the other relevant listings in 20 C.F.R. Pt 404, Subpt. P, App. 1. (Tr. 20–28). Specifically, the ALJ found that Aleshia's

developmental delays did not result in a "marked" limitation in two domains or an "extreme" limitation in one of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). (Tr. 20–28). Geist contends that the ALJ erred in finding that Aleshia did not have at least a marked limitation in the domains of acquiring and using information and interacting and relating with others. (Tr. 23–26).

**Acquiring and Using Information**

The ALJ found that:

The claimant had marked limitation in acquiring and using information at the alleged onset date but her functioning has improved to less than marked according to recent evidence. The record shows that the claimant's hearing has improved and she uses hearing aids. Because of the improvement in her hearing, she is better able to acquire information. (Tr. 24).

The ALJ's conclusion that Aleshia had a marked limitation "at the alleged onset date" is supported by two Functional Equivalence evaluations performed on May 25 and June 5, 2006. (Tr. 24, 221, 265). In both evaluations, State agency medical consultants concluded that Aleshia had a "marked" limitation in the domain of acquiring and using information. (Tr. 221–222, 265–266).

The ALJ failed to specify the "recent evidence" he relied on in finding Aleshia no longer had a marked limitation in this domain. (Tr. 24). The transcript of the administrative hearing suggests the ALJ relied on the testimony of Sterling E. Moore, an impartial medical expert. (Tr. 47). With regard to acquiring and using information, Moore testified that, because Aleshia's hearing had improved, "it would seem to me that this [domain] would be less than marked at this

9

point." (Tr. 50). Presumably, "at this point" refers to the date of the administrative hearing, April 2, 2008. (Tr. 17, 50).

Moore's testimony is substantial evidence that Aleshia no longer suffered from a marked impairment in acquiring and using information as of April 2, 2008. (Tr. 17, 50). However, neither Moore's testimony nor any other evidence indicates a time prior to April 2, 2008 that Aleshia's functional limitations went from being considered marked to less than marked in the domain of acquiring and using information. *Id.*

**Interacting and Relating with Others**

The ALJ found that Aleshia "has less than marked limitation in interacting and relating with others." (Tr. 26). The ALJ based his conclusion on the fact that Aleshia's speech had improved, she was undergoing speech therapy, and she had learned some sign language. *Id.* Presumably, the ALJ also considered the testimony presented in the administrative hearing and the evidentiary record as a whole.

Impartial medical expert Sterling Moore testified at the hearing held on April 2, 2008 that Aleshia's limitations in the domain of interacting and relating with others was "less than marked." (Tr. 17, 28, 47, 51–52). Moore said that the basis for his conclusion was "what I've heard in testimony today, and from what I've seen in the file[.]" (Tr. 52). Presumably, Moore was referring to Geist's testimony at the hearing, Aleshia's behavior during the hearing, and the administrative record taken as a whole. *Id.*

The record contains inconsistent, confusing, and contradictory evidence about Aleshia's functional limitations in interacting and relating with others. The earliest evidence relating to this domain is a December 20, 2005 report by a doctor from the Texas Department of Health.

(Tr. 209). This doctor reported that four-month old Aleshia did not respond to voices or clapping. *Id.* Geist contends that this meant Aleshia suffered a "marked" limitation in the domain of interacting and relating to others pursuant to 20 C.F.R. 416.926a(i)(2)(ii).

The next pieces of relevant evidence on record are two medical evaluations performed by Cornerstone Early Childhood Intervention ("ECI") on March 30, 2006 and April 10, 2007. (Tr. 372, 387). In the first ECI evaluation, Aleshia was seven months old and her communication abilities were the equivalent of a 3.5 to 4.5 month-old child. (Tr. 387). At the same time, Aleshia's "social skills" were equivalent to six to ten month-old child. *Id.* In the second ECI evaluation, Aleshia was 19 months old and had the communication abilities of a 13 month-old and the "social-emotional" skills of a 18 month-old. (Tr. 375). According to both ECI evaluations, Aleshia's communication skills would have been considered "marked" but her social skills would have been considered "less than marked." 20 C.F.R. § 416.926a(e)(2)(ii) (A child under the age of five would have a "marked" limitation in a listed domain if her communication abilities are "functioning at a level that is more than one-half, but not more than two-thirds of [her] chronological age when there are no standard scores from standardized tests").

The final pieces of relevant evidence on record are the two Functional Equivalence evaluations of Aleshia performed on May 25 and June 5, 2006. (Tr. 221, 265). In both evaluations, State Agency consultants concluded that Aleshia had "No Limitation" in the domain of interacting and relating with others. (Tr. 221–222, 265–266).

### b. Conclusion

The ALJ's conclusion that Aleshia did not suffer from a "marked" limitation in the domain of acquiring and using information "for a continuous period of not less than 12 months" is not supported by substantial evidence. (Tr. 18, 20–24). 20 C.F.R. 416.906. Aleshia had a

marked limitation in this domain as of May 25 and June 5, 2006. (Tr. 24, 221–222, 265–266). From that time onward, there is no evidence Aleshia's limitation in acquiring and using information became less than marked until Sterling Moore's testimony on April 2, 2008. (Tr. 29, 47, 51–52). This was a period of over 12 months that Aleshia could have suffered a marked limitation in a listed domain. The ALJ's failure to consider this time period was a serious error, but it does not require Aleshia's claim to be remanded.

Substantial evidence supports the ALJ's conclusion that Aleshia did not suffer from a marked limitation in the domain of interacting and relating with others. (Tr. 21–23, 25–26). Taken together, Moore's testimony (Tr. 47–62), the Functional Equivalence evaluations (Tr. 220–225, 264–269), and the ECI evaluations (Tr. 372, 387) are such evidence that a reasonable mind might accept as adequate to support the ALJ's decision that Aleshia had a less than marked limitation in this domain. *Richardson*, 402 U.S. at 401. Because the ALJ's findings are supported by substantial evidence, this Court must affirm the ALJ's decision. *Watson*, 288 F.3d at 215.

It is true that part of the ECI evaluation results and other evidence on the record shows that Aleshia may have had a marked limitation in interacting and relating with others. (Tr. 372, 387). However, this Court cannot remand Aleshia's claim on those grounds. This Court's review of Aleshia's claim is limited to determining whether the ALJ's findings were supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *Masterson*, 309 F.3d at 272. Although there is evidence suggesting Aleshia may have had a marked limitation in this domain, this Court cannot reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the ALJ. *Id.* Furthermore, "[n]o single piece of information taken in isolation can establish whether you have

a "marked" or an "extreme" limitation in a domain." 20 C.F.R. § 416.926a(e)(4)(i). Because there is credible evidence and medical findings in support of the ALJ's findings, those findings must be affirmed. *Boyd*, 239 F.3d at 704; *Hames*, 707 F.2d at 164.

In order to qualify for SSI and disability benefits, Aleshia's developmental delays must have resulted in a "marked" functional limitation in two domains or an "extreme" limitation in one of the listed domains. 20 C.F.R. § 416.926a(d). The only domains disputed before this Court are acquiring and using information and interacting and relating with others. There is no indication that Aleshia suffered an extreme limitation in either domain, and it is not within this Court's authority to make such a finding. *Masterson*, 309 F.3d at 272. For the aforementioned reasons, this Court must affirm the ALJ's conclusion that Aleshia did not suffer a marked limitation in interacting and relating with others. As a result, Aleshia could not have suffered a marked limitation in two listed domains. 20 C.F.R. § 416.926a(d). Therefore, the ALJ's decision regarding Aleshia's developmental delays is AFFIRMED.

### VI. Conclusion and Order

Based on the foregoing, the ALJ's decision to deny Aleshia's SSI claim was supported by substantial evidence, and was thus rendered in accordance with the governing law. Therefore, the Court ORDERS that Plaintiff's Motion for Summary Judgment (Document No. 12) is DENIED, Defendant's Motion for Summary Judgment (Document No. 13) is GRANTED, and the Commissioner's final decision that Aleshia is not entitled to SSI benefits under Title XVI of the Social Security Act is AFFIRMED.

SIGNED at Houston, Texas, this 17th day of June, 2010.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE